IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMANDA LONG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. 12-CV-297-GKF-PJC |
| | ) |
| STAND-BY PERSONNEL, INC., | ) |
| | ) |
|     Defendant. | ) |

### OPINION AND ORDER

Before the Court is the Motion for Sanctions of Defendant Stand-By Personnel, Inc. ("Stand-By"). [Dkt. No. 17]. Stand-By seeks sanctions against Plaintiff, Amanda Long, ("Long") for taking certain documents ("the subject documents") from Stand-By, without permission, during the course of her employment.[1]

Stand-By contends that Long "stole" documents containing proprietary information, thereby misappropriating Stand-By's property and circumventing the discovery process. Long denies that she stole documents, but claims she had access to the documents by virtue of the job requirements of her employment. Long further states that she made copies of the subject documents "in order to

---

[1] Stand-By has identified the subject documents as Exhibits 14, & 19-26 introduced at Plaintiff's deposition on June 12, 2013. *See* Dkt. No. 17, p.2 at n. 4. The subject documents were also attached as Exhibit "B" to Stand-By's motion. [Dkt. No. 17-2]. They were also attached as Exhibit "B" to Plaintiff's Response brief. [Dkt. No. 22-2].

1

document the discriminatory policies she was reporting to her supervisors," that they were copied before she ever decided to file this lawsuit and that the documents were not marked confidential or proprietary.

## I.
## APPLICABLE LEGAL PRINCIPLES

Stand-By relies on the Court's inherent power "to prevent abuses, oppression, and injustice." *Gumbel v. Pitkin*, 124 U.S. 131, 144 (1888); *Rollins v. Cargill, Inc.*, 2012 WL 3644927 at *4 (D. Kan. Aug. 24, 2012). "In the context of civil litigation, the interest served by suppressing evidence obtained by deception or other improper means is the integrity of the judicial process and the promotion of candor and honesty among members of the Bar." *Lahr v. Fulbright & Jaworski, L.L.P.*, 1996 WL 34393321 at *4 (N.D. Tex. July 10, 1996). Pursuant to their inherent power, Courts may sanction a party for misappropriating property or confidential information of an adverse party. *Rollins, supra*, at *4 (citing *Jackson v. Microsoft Corp.*, 211 F.R.D. 423, 430-32 (W.D. Wash. 2002). Courts may also decline to use their inherent power to sanction when the conduct does not appear to warrant it. *Rollins, supra*, at *4.

In determining an appropriate sanction, if any, the Court should weigh two factors: the severity of the wrongdoing and the prejudice to the adversary. *Fayemi v. Hambrecht and Quist, Inc.*, 174 F.R.D. 319, 325 (S.D.N.Y. 1997). The severity of the misconduct is important because the goal of any sanction is to deter similar future acts by that party or others. *Id.* Furthermore, matching the

sanction to the prejudice suffered by the adverse party is critical because a party's wrongful conduct should not redound to its benefit in litigation. *Id.*

## II.
## DISCUSSION

Stand-By contends that Long removed "proprietary" information without permission, circumvented the discovery process, thereby denying Defendant of "certain protection afforded through the discovery process." [Dkt. No. 17 at 3]. Stand-By asks that Plaintiff (1) be ordered to return the subject documents, (2) be precluded from using any of the documents during this litigation, and (3) be ordered to pay for Stand-By's costs and fees in bringing this motion.

"Proprietary information" is an ill-defined term. Often, the term is defined in a confidentiality agreement or similar agreement between an employee and her employer. In *Rollins*, for example, a case cited by both parties, the Plaintiff signed a "Confidential Information and Invention Agreement," whereby he agreed not to disclose confidential or trade secret information. Plaintiff was also obligated to return all such confidential information when his employment ended. *Rollins*, 2012 WL 3644927 at *2. Here, Plaintiff apparently had no such agreement with Stand-By. The lack of such an agreement does not resolve the issue, however, because Courts still have authority to police misconduct and misappropriation of confidential proprietary information. However, such authority must be exercised with "restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

There is no record evidence that Plaintiff engaged in misconduct in obtaining the subject documents. Some of the documents came across her desk in the ordinary course of her job. For example, she testified that on occasion, she would take certain of these documents so that she could work from home on weekends. [Dkt. No. 17-1, p. 170, lines 15-16]. One document was an email that was not addressed to Plaintiff but which was given to her by a fellow employee named Kristen. Kristen also was not an addressee of the email and Plaintiff did not know if Kristen had permission to have the email. [Dkt. No. 17-1, p. 143 at lines 1-17]. None of the documents were marked "proprietary," or "confidential," and there was no confidentiality or non-disclosure agreement between the Plaintiff and Stand-By as to these documents. Furthermore, it cannot be said that Plaintiff circumvented the discovery process in this litigation, because the documents were copied during her employment (March 30, 2010 to Sept. 19, 2011), before this case was filed (April 16, 2012). Plaintiff testified that she had not decided to sue Stand-By at the time she copied the documents. [Dkt. No. 17-1, p. 168, lines 23-25].

Plaintiff may be guilty of disloyalty in making copies of the subject documents for her own personal use. If so, the seriousness of any such misconduct depends, in large part, on the nature of the documents. Plaintiff's conduct could be quite serious if, for example, she copied sensitive trade secrets or highly confidential technical drawings or data, and intended to use them for

the competitive benefit of herself or others. However, the subject documents do not appear to be this sensitive. Clearly, Stand-By had no concerns about public disclosure of the documents, because it attached them as an exhibit to its Motion for Sanctions. [Dkt. No. 17-2]. Neither the Motion nor the attached documents were filed under seal. Under the circumstances presented, it is hard to perceive egregious misconduct by Plaintiff or severe prejudice to Stand-By. Defendant has not persuaded the Court that this is a situation that warrants the use of the Court's inherent authority to impose the requested sanctions.

However, if Plaintiff has <u>originals</u> of any Stand-By documents, they shall be returned to the Defendant within one week. Plaintiff shall use the subject documents only for purposes of this litigation and shall not share them with anyone besides her lawyers or others involved in this case. Plaintiff shall return or destroy all copies of the subject documents after the case is concluded.

The Motion is therefore, **GRANTED IN PART AND DENIED IN PART.** No sanctions will be imposed. Plaintiff is to abide by the foregoing paragraph in her use of these documents.

**IT IS SO ORDERED** this 21st day of August 2013.

Paul J. Cleary
United States Magistrate Judge